Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANDREW PAUL LEONARD, an individual;

Plaintiff,

v.

FACEBOOK, INC., a Delaware corporation; DAVID STEENBLOCK, individually and doing business as "STEMGEVITY.COM"; and DOES 1 through 10,

Defendants.

Case No.:

**COMPLAINT FOR**:

1. COPYRIGHT INFRINGEMENT

2. CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

ANDREW PAUL LEONARD, through counsel, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ANDREW PAUL LEONARD ("LEONARD" or "Plaintiff") is an individual residing in the State of New York.

5. Upon information and belief, Plaintiff alleges that Defendant FACEBOOK, INC. ("FACEBOOK") is a Delaware corporation with its primary place of business located at 1601 Willow Road, Menlo Park, California 94025, and is the primary owner of the website https://www.facebook.com/. Plaintiff further alleges that FACEBOOK maintains one or more offices in Los Angeles, California and/or this judicial district.

6. Upon information and belief, Plaintiff alleges that Defendant DAVID STEENBLOCK ("STEENBLOCK") is an individual with a medical practice in San Clemente, California and doing business as "Stemgevity," including owning the trademark "Stemgevity" with the USPTO and operating a website and social media pages for Stemgevity that identifies it as his company.

7. Upon information and belief, Plaintiff alleges that FACEBOOK's website, www.facebook.com, allows users to publish posts which include images and videos. FACEBOOK receives a financial benefit from and in connection with the posts on its website.

8. Upon information and belief, Plaintiff alleges that FACEBOOK has the right and/or ability to remove posts, advertising material, and/or other content appearing on its website that contains unauthorized copies of copyrighted works. FACEBOOK has a registered agent with the United States Copyright Office for the receipt of Digital Millennium Copyright Act ("DMCA") takedown notices requesting the removal of such content.

9. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10 ("DOE Defendants") (collectively with FACEBOOK and STEENBLOCK, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Upon information and belief, Plaintiff alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT WORK

11. Plaintiff authored and owns an original two-dimensional image entitled "Scanning electron Microscopy of Human Bone Marrow Stem Cells 4" ("Subject Work") that was registered with the United States Copyright Office on December 20, 2007.

12. Prior to the acts complained of herein, Plaintiff began displaying a portfolio of images on the website www.aplmicro.com, which contains the following language: "No images or graphics appearing on this web site may be copied, distributed, displayed, altered or otherwise used without advance written permission and license from Andrew Paul Leonard. To request a license of usage rights please contact info@aplmicro.com"

13. Following the publication and display of the Subject Work, users on FACEBOOK's website copied, displayed, published, reproduced, transmitted, distributed, created derivative works of, and/or otherwise used the Subject Work without license or authorization from LEONARD (collectively, the "Infringing Uses"). The Infringing Uses were posted on FACEBOOK's website; hosted on servers owned, operated, and/or controlled by FACEBOOK; and/or hosted on networks owned, operated, and/or controlled by FACEBOOK.

14. LEONARD never licensed, authorized, or consented to the Infringing Uses.

15. On July 15, August 29, and September 9, 2022, LEONARD sent DMCA takedown notices to FACEBOOK requesting removal of the Infringing Uses from FACEBOOK's website.

16. Through at least the date of filing this action, FACEBOOK had not removed any of the Infringing Uses from its website.

17. Images of the Subject Work and screen captures of the Infringing Uses from Facebook are set forth hereinbelow:

///
///
///

| **Subject Work** | **Infringing Uses** |
|---|---|
|  |  |

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

19. Defendants, and each of them, had access to the Subject Work, including through Plaintiff's website and social media accounts or viewing the Subject Work via the Internet (e.g., search engines or third-party websites).

20. Defendants, and each of them, copied, displayed, published, reproduced, transmitted, distributed, created derivative works of, and/or otherwise used the Subject Work on FACEBOOK's website without license, authorization, or consent from Plaintiff.

21. As of July 15, 2022 FACEBOOK had actual knowledge, or was aware of the facts or circumstances, of the Infringing Uses, yet FACEBOOK did not remove, or disable access to, the Infringing Uses for at least two months.

22. Upon information and belief, Plaintiff alleges that FACEBOOK's knowledge or awareness of the Infringing Uses, in combination with its failure to act expeditiously to remove, or disable access to, the Infringing Uses after obtaining knowledge or awareness of the Infringing Uses, removes the safe harbor afforded to FACEBOOK under 17 U.S.C. § 512, and renders FACEBOOK liable for copyright infringement.

23. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Work in an amount to be established at trial.

25. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement which were willful, intentional, and malicious.

///

///

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement – Against all Defendants, and Each)

26.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.   Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Work as alleged hereinabove. Such conduct included, without limitation, publishing works obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

28.   By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Work, in an amount to be established at trial.

30.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand

dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Subject Work, including an order requiring Defendants, and each of them, to remove the Subject Work from FACEBOOK's website;

b. That Plaintiff be awarded all profits of Defendants, and each of them, attributable to their infringement, plus all losses of Plaintiff, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 4, 2022                                   DONIGER/BURROUGHS

                                                By:   /s/ Stephen M. Doniger
                                                      Stephen M. Doniger, Esq.
                                                      Benjamin F. Tookey, Esq.
                                                      Attorneys for Plaintiff